UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LEBLANC,

        Plaintiff,

    v.                      Case No. 15-12600
                            HON. TERRENCE G. BERG

PATRICK J. DUGGAN, et. al,

        Defendants,
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES AND COSTS AND
DISMISSING COMPLAINT WITHOUT PREJUDICE**

    This matter is before the Court on Plaintiff Jeffrey LeBlanc's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Dkt. 1). Plaintiff is an inmate confined at the Macomb Regional Correctional Facility in New Haven, Michigan. Upon review of Plaintiff's case and his history of litigation in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

    Title 28 U.S.C. § 1914(a) provides that parties instituting civil actions must pay a filing fee, which now amounts to $400. Plaintiff failed to provide the $400 filing fee when he filed his complaint.

    The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended).

1

*See also In re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Because Plaintiff has not submitted the necessary $400 filing fee for a civil action, the Court will also construe his complaint as a request to proceed *in forma pauperis. See State Treasurer v. Garrison*, No. 2:08-cv-13018, 2008 WL 2831241, *1 (E.D. Mich., July 21, 2008) (Edmunds, J.).

A review of federal court records indicates that Plaintiff had six prior civil rights complaints that were dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See LeBlanc v. Moody,* No. 2:15-cv-10469 (E.D. Mich. February 18, 2015) (Murphy, J.); *LeBlanc v. Schuette,* No. 2:15-cv-10555 (E.D. Mich. February 17, 2015) (Friedman, J.); *LeBlanc v. Kalamazoo County Sheriff,* No. 1:14-cv-305 (W.D. Mich. July 29, 2014)*; LeBlanc v.State of Michigan,* No. 1:14-cv-552 (W.D. Mich. June 19, 2014)*; LeBlanc v. Kalamazoo County Government,* No. 1:14-cv-308 (W.D. Mich. May 21, 2014)*; LeBlanc v. State of Michigan,* No. 1:14-cv-237 (W.D. Mich. March 26, 2014). Plaintiff also had a prior complaint that was dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), on the ground that Plaintiff was attempting to obtain monetary damages on a criminal conviction that had yet to be reversed or vacated. *LeBlanc v. Macomb Regional Facility,* No. 2:15-cv-10482 (E.D.

Mich. February 13, 2015) (Tarnow, J.).[1]

Plaintiff has since been denied leave to proceed *in forma pauperis* numerous times under 28 U.S.C. § 1915(g), the "three-strikes" rule, based on these prior dismissals.   See *LeBlanc v. Romanowksi,* U.S.D.C. No. 2:15-cv-10483 (E.D. Mich. March 2, 2015) (Leitman, J.); *LeBlanc v. Atwood,* U.S.D.C. No. 2:15-cv-12021 (E.D. Mich. June 11, 2015) (Leitman, J.); *LeBlanc v. Barber,* U.S.D.C. No. 2:15-cv-12023 (E.D. Mich. June 12, 2015) (Murphy, J.); *LeBlanc v. Department of Corrections,* U.S.D.C. No. 2:15-cv-12025 (E.D. Mich. June 11, 2015) (Steeh, J.); *LeBlanc v. Michigan State Police,* U.S.D.C. No. 2:15-cv-12026 (E.D. Mich. June 25, 2015) (Michelson, J.); *LeBlanc v. Robert G. Cotton Correctional Facility,* U.S.D.C. No. 2:15-cv-12060 (E.D. Mich. June 12, 2015) (Drain, J.); *LeBlanc v. Lightvoet,* U.S.D.C. No. 2:15-cv-12127 (E.D. Mich. June 19, 2015) (Cohn, J.); *LeBlanc v. Rivard,* U.S.D.C. No. 2:15-cv-12377 (E.D. Mich. July 21, 2015) (Cox, J.); *LeBlanc v. People of the State of Michigan,* U.S.D.C. No. 2:15-cv-12380 (E.D. Mich. July 15, 2015) (Cohn, J.).

Under the PLRA, a federal court may dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted.   See 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (Gadola, J.).

---

[1] Pursuant to *Heck v. Humphrey*, a dismissal of a civil rights complaint, with or without prejudice, counts as a strike for purposes of § 1915(g) "because when the complaint was filed it failed to state a claim upon which relief could be granted."   See *Pointer v. Wilkinson,* 502 F.3d 369, 373, n. 4 (6th Cir. 2007).

The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003) (Lawson, J.). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

Plaintiff has had at least six prior civil rights complaints dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. In addition, Plaintiff has subsequently been informed by other judges in this district on at least nine occasions that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals.

Moreover, Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g). *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. App'x. 470, 472 (6th Cir. 2002). Although Plaintiff appears to argue that he was illegally imprisoned by the State of Michigan, his process-based challenges "do not raise the danger of physical harm" so as to come within the imminent danger exception for § 1915(g). *See Childress v. Quisenberry,* No. 2:11-cv-12096, 2011 WL 5166433, at *2 (E.D. Mich. October 31, 2011) (Hood, J.). Plaintiff also claims that he has been physically and sexually assaulted while

4

incarcerated at the Macomb Correctional Facility. Plaintiff's lawsuit is against Judge Patrick J. Duggan and his case manager Marilyn Orem, and involve allegations that the two have failed to timely adjudicate Plaintiff's federal habeas petition. Any allegations of constitutional deprivations against Plaintiff by the Defendants are insufficient to obtain relief under the imminent danger exception, since his complaint targets persons or parties whom Plaintiff failed to show have any control over his current conditions of confinement at the Macomb Correctional Facility. *See Day v. Maynard*, 200 F. 3d 665, 667 (10th Cir. 1999); *Peoples v. Gilbert,* No. 01-cv-72895-DT, 2001 WL 1219070, * 2 (E.D. Mich. September 14, 2001) (Tarnow, J.). The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder,* 416 Fed. App'x. 560, 562 (6th Cir. 2011). Plaintiff's allegations fail to show that there is any imminent danger that is contemporaneous with the filing of this complaint. Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g).

Plaintiff also filed a motion for an injunction. Because Plaintiff has been barred from filing this action without prepayment of fees pursuant to 28 U.S.C. § 1915(g), the Court will deny Plaintiff's motion for injunctive relief. *See*, *e.g.*, *Alea v. Dennis,* 83 Fed. App'x. 115 (6th Cir. 2003).

Because Plaintiff has had six prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) bars him from appealing *in*

*forma pauperis*. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore will not certify that any appeal from this dismissal would be in good faith.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's *in forma pauperis* status is **DENIED** and the complaint (Dkt. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the motion for an injunction (Dkt. 2) is **DENIED.**

**IT IS FURTHER ORDERED AND CERTIFIED** that any appeal taken by Plaintiff would not be done in good faith.

**SO ORDERED.**

Dated: August 17, 2015                s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on August 17, 2015, using the CM/ECF system; a copy of this Order was also mailed to the Macomb Correctional Facility, 34625 26 Mile Road, New Haven, Michigan directed to Petitioner's attention.

                                      s/A. Chubb
                                      Case Manager